PER CURIAM.
The defendant Brock was charged with distribution of marijuana. Pursuant to a *1104 plea agreement, he pled guilty to attempted distribution of marijuana. After reviewing a presentence report the trial judge sentenced Brock to pay a fine of $750 and serve three years in prison.
The defendant appealed his sentence, contending the trial judge failed to comply with La.C.Cr.P. Article 894.1 and imposed an excessive sentence.
Prior to imposition of sentence the trial judge summarized the factual circumstances surrounding defendant’s arrest, as revealed by the presentence investigation and report. An undercover agent was taken by a confidential informant to a residence in Bastrop from which the defendant was summoned. The officer asked defendant if he had any marijuana to sell, whereupon the defendant removed a plastic bag of marijuana from his pocket and stated that the price was $10. The officer then asked defendant if he had any $20 bags. Defendant went back into the house and returned with a $20 bag which he sold to the officer.
The trial judge noted that, under the circumstances, this could not be construed as a casual sale of marijuana to a friend or an acquaintance by the 46 year old defendant. To the contrary, it tended to confirm reports to local police that the defendant regularly engaged in the business of selling marijuana. Consequently, a lesser sentence than that imposed would deprecate the seriousness of the offense.
We conclude that the trial judge adequately complied with the guidelines of Article 894.1.
The maximum imposable prison sentence for the distribution of marijuana is ten years and for attempted distribution of marijuana is five years.
Considering that the defendant actually sold marijuana but, through the plea agreement, was convicted of the lesser offense of attempted distribution, and that he was apparently a street dealer in the dangerous substance, we do not deem that his sentence is excessive. Therefore, it is affirmed.